**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 23-7113**

─────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LINWOOD GERALD KENNY,

Defendant - Appellant.

─────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Senior District Judge. (3:01-cr-00185-FDW-1)

─────────

Submitted: January 27, 2025                     Decided: February 7, 2025

─────────

Before KING and WYNN, Circuit Judges, and FLOYD, Senior Circuit Judge.

─────────

Affirmed by unpublished per curiam opinion.

─────────

**ON BRIEF:** W. Rob Heroy, GOODMAN, CARR, LAUGHRUN, LEVINE & GREENE PLLC, Charlotte, North Carolina, for Appellant. Dena J. King, United States Attorney, Elizabeth M. Greenough, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Linwood Gerald Kenny appeals the district court's order denying his motion for a sentence reduction under Section 404 of the First Step Act of 2018. On appeal, Kenny contends that the district court erred in declining to reduce his sentence. We affirm.

"Pursuant to 18 U.S.C. § 3582, a court generally may not modify a sentence 'once it has been imposed.'" *United States v. Melvin*, 105 F.4th 620, 623 (4th Cir. 2024) (quoting 18 U.S.C. § 3582(c)). But, Section 404 of the First Step Act of 2018 "allows a district court to impose a reduced sentence 'as if' the revised penalties for crack cocaine enacted in the Fair Sentencing Act of 2010 were in effect at the time the offense was committed." *Concepcion v. United States*, 597 U.S. 481, 486 (2022).

We review a district court's denial of a Section 404 motion for abuse of discretion. *United States v. Reed*, 58 F.4th 816, 819 (4th Cir. 2023). "Under this standard, we affirm a district court's denial of Section 404(b) relief unless the court's decision is procedurally or substantively unreasonable." *Id*. at 820. We review a district court's authority and a defendant's threshold eligibility for relief under the First Step Act de novo. *United States v. Goodwin*, 37 F.4th 948, 952 (4th Cir. 2022).

"*Concepcion* instructs district courts exercising their discretion under the First Step Act to proceed in two steps." *United States v. Troy*, 64 F.4th 177, 184 (4th Cir. 2023). "First, they must recalculate the movant's Guidelines range 'only to the extent it adjusts for the Fair Sentencing Act.'" *Id*. "Second, they may (and when raised by the parties, must) consider other legal and factual changes when deciding whether to impose a reduced sentence." *Id*. "Thus, while a district court may consider other changes in the law when

2

determining what reduction, if any, is appropriate in an individual case, the proper 'benchmark' for the district court's analysis (and for our review) is the impact of the Fair Sentencing Act on the defendant's Guidelines range." *Id*.

"In resolving a motion under the First Step Act, a district court's discretion is broad and its burden light." *Troy*, 64 F.4th at 184. "District courts are not required to modify a sentence 'for any reason' and may reject arguments they consider unconvincing in 'a brief statement of reasons' and 'without a detailed explanation.'" *Id*. (quoting *Concepcion*, 597 U.S. at 496, 501). "Nor does the First Step Act require a district court to make a point-by-point rebuttal of the parties' arguments." *Concepcion*, 597 U.S. at 502. "But when district courts consider such motions, they must still sentence the whole person before them, explain their decisions, and demonstrate that they considered the parties' arguments." *Troy*, 64 F.4th at 184-85 (internal quotation marks omitted).

Having reviewed the record and the parties' appeal arguments, we conclude that the district court's decision to deny Kenny's motion for a sentence reduction under First Step Act § 404 was procedurally and substantively reasonable. The district court recalculated Kenny's Guidelines range to adjust for the Fair Sentencing Act of 2010, and it considered that range and the other changes he raised when deciding whether to reduce his sentence. The district court considered Kenny's arguments, gave individual consideration to his characteristics in light of the 18 U.S.C. § 3553(a) factors, reasonably determined that his existing sentence remained appropriate in light of those factors, and adequately explained its decision. *See Troy*, 64 F.4th at 185. In particular, we conclude that the district court did not clearly err in finding that the record, including his stipulations and the presentence

3

report, supported continued application of the first-degree murder cross-reference. We further conclude that the district court did not abuse its discretion in finding that his existing sentence satisfied the standards set forth in § 3553(a). *See Reed*, 58 F.4th at 820.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*